**\*NOT FOR PUBLICATION\***

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

JAMES JOHNSON,          :
                    :   Civil Action No.: 12-1253(FLW)
      Plaintiff,      :
                    :
v.                  :         **OPINION**
                    :
FRANK PROVENZANO, *et al.*,   :
                    :
      Defendants.     :
                    :

---

**<u>WOLFSON, United States District Judge</u>:**

Plaintiff James Johnson ("Johnson" or "Plaintiff") was issued three traffic-related summonses and complaints by defendant Frank Provenzano ("Officer Provenzano"), employed by defendant Ewing Township Police Department (the "Police Department"), in connection with an alleged hit-and-run automobile accident. Because Plaintiff failed to appear in municipal court to answer the summonses, a warrant was issued for his arrest. Plaintiff brings this civil rights action alleging that Officer Provenzano did not have probable cause to issue the summonses, and by doing so, he violated Plaintiff's constitutional rights. In that regard, Plaintiff asserts various § 1983 and state claims against Officer Provenzano, as well as § 1983 claims against both the Police Department and Ewing Township (the "Township").[1] Pending before

---

[1]   The Court will collectively refer to Officer Provenzano, the Police Department and the Township as "Defendants."

the Court is Defendants' motion for summary judgment, which is opposed by Plaintiff. For the reasons set forth below, the Court **GRANTS** the motion for summary judgment in its entirety.

BACKGROUND

To resolve this motion for summary judgment, facts recounted here are largely undisputed. On August 14, 2010, a white Ford Explorer, owned by Plaintiff, was involved in a hit-and-run car accident in a parking lot in Ewing, New Jersey. *See* Defendants' Statement of Undisputed Facts ("Def. Facts"), ¶ 5. After a witness reported the accident, Officer Provenzano was assigned to investigate the accident. *See* Plaintiff's Statement of Undisputed Facts ("Pl. Facts"), ¶ 1. Upon his arrival, Officer Provenzano interviewed the witness, and the witness stated that while she was in a store nearby, she saw a white Ford Explorer back into her vehicle. *Id.* The witness also provided Officer Provenzano with the Pennsylvania license plate of the Ford vehicle, which plate the Officer instructed a dispatcher to run. Def. Facts, ¶ 7. The witness, however, was unable to provide a description of the driver. *Id.* at ¶ 8; Pl. Facts, ¶ 2.

The police dispatch informed Officer Provenzano that Plaintiff was the registered owner of the Ford Explorer in question. Def. Facts, ¶ 9; Pl. Facts, ¶ 1. Based on the witness' statements and the information gathered from the license plate, Officer Provenzano issued three citations to Plaintiff, which

2

included N.J.S.A. 39:4-129 (Leaving the Scene of an Accident); N.J.S.A. 39:4-97 (Careless Driving); and N.J.S.A. 39:4-130 (Failure to Report). *See* Summonses dated August 14, 2010. These summonses were allegedly mailed to Plaintiff and according to Defendants, the summonses were not returned by the post office to the Police Department as "undeliverable" or "returned to sender." Def. Facts, ¶ 17. Based on the summonses, Plaintiff was required to appear in municipal court on September 13, 2010. Plaintiff disputes that he was served with the summonses by mail or otherwise.

At the time the summonses were issued, Plaintiff was employed by the Philadelphia Police Department. On September 9, 2010, Plaintiff received a phone call from SafeAuto Insurance Company and was notified that Plaintiff's Ford Explorer was involved in a car accident. Pl. Dep., T23:11-14. Thereafter, Plaintiff examined the vehicle and observed that tail lens was cracked. *Id.* at T26:22. Apparently, on the date of the car accident, a relative of Plaintiff's wife used Plaintiff's Ford vehicle without Plaintiff's permission. *See* Def. Facts, ¶ 19; Pl. Dep., T21:4-8. Without Plaintiff's knowledge, the relative drove the vehicle to New Jersey. *See* Pl. Dep., T23:11-14.

On September 11, 2010, Plaintiff's wife picked up a copy of the police report. *Id.* at T30:17-23. Plaintiff reviewed the police report around September 12, 2010. *Id.* at T32:7-25.

According to Plaintiff, he was unaware of the court date, i.e., September 13, 2010, contained on the summonses, and therefore, he did not appear in court on that date.  As a result, on Friday, September 17, 2010, Plaintiff received a bench warrant for his arrest.  On Monday, September 20, 2010, because of the outstanding warrant, Plaintiff turned himself in to the Ewing Police Department at approximately 5:50 a.m.  *Id*. at T57:1-4.

Officer Nicolas Muscente, who is not named as a defendant in this lawsuit, detained and processed Plaintiff at the police station.  According to Defendants, Plaintiff was detained on a bench and handcuffed by one hand.  *See* Def. Facts, ¶ 33.  After contacting the court administrator, Officer Muscente determined that Plaintiff could be released on his own recognizance.  *Id.* at ¶ 37.  In that regard, Plaintiff was in the police station for a total of one hour and twelve minutes.  *Id.* at ¶ 39.  He was also given a new court date of October 6, 2010 to appear.  During his court proceeding, Plaintiff proved that he was not the driver who caused the accident, and therefore, all of the summonses against Plaintiff were dismissed.

In the instant suit, Plaintiff accuses Defendants of violating his constitutional rights.  More specifically, in Count One of the Complaint, Plaintiff alleges that Officer Provenzano falsely arrested and imprisoned Plaintiff in violation of 42 U.S.C. § 1983.  In Count Two, Plaintiff asserts identical state law claims

for false arrest and illegal imprisonment.  Counts Three and Four are lodged against the Police Department and the Township for failure to train, investigate and supervise/discipline under 42 U.S.C. § 1983 and state law claims of negligent hiring, training, supervision, respectively.   It appears that in Count Five, Plaintiff brings common law claims for malicious prosecution and malicious abuse of process.   Finally, in Count Six, Plaintiff complains that Defendants have negligently or intentionally inflicted emotional distress upon him.

Presently, Defendants move for summary judgment on all counts of the Complaint.

## DISCUSSION

### I.   Standard of Review

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of

summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 447 U.S. at 255)); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002).

The burden of establishing that no "genuine issue" exists is on the party moving for summary judgment. *Celotex*, 477 U.S. at 330. "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001). The non-moving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial." *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005) (quotations omitted). Under *Anderson*, Plaintiffs' proffered evidence must be sufficient to meet the substantive evidentiary standard the jury would have to use at trial. 477 U.S. at 255. To do so, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for

trial." *Celotex*, 477 U.S. at 324 (quotations omitted); *see also Matsushita*, 475 U.S. at 586; *Ridgewood Bd. of Ed. v. Stokley*, 172 F.3d 238, 252 (3d Cir.1999). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

## II.  Count One – False Arrest and Imprisonment

Plaintiff claims that because Officer Provenzano did not have the requisite probable cause to issue the summonses, Plaintiff's subsequent detention at the police station constituted false arrest and imprisonment.  In order to establish a claim for false imprisonment, a plaintiff must prove: (1) that he was detained; and (2) that the detention was unlawful. *See Wallace v. Kato*, 549

U.S. 384, 389 (2007) ("The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process." (citations omitted) (emphasis deleted)). As for false arrest under § 1983, a plaintiff must prove that the officers arrested and charged him without probable cause. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d. Cir. 1995) (citation omitted). The proper inquiry on this type of claim is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense. *Paszkowski v. Roxbury Twp. Police Dep't*, 2014 U.S. App. LEXIS 17767, at *7 (3d Cir. Sep. 16, 2014)(quotations and citations omitted).

Indeed, to prevail on the claims of false arrest and false imprisonment, a plaintiff must demonstrate that the police lacked probable cause.[2] The existence of probable cause is determined by looking at the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238 (1983) ("[W]e reaffirm the totality-of-the-circumstances analysis that traditionally has informed probable cause determinations."). Probable cause does not require that the prosecution have sufficient evidence to prove guilt beyond a reasonable doubt. Rather, probable cause requires only "a

---

[2]    Generally, the existence of probable cause is a factual issue. *Deary v. Three Un-Named Police Officers*, 746 F.2d 185, 191 (3d Cir. 1984). Summary judgment can be granted, however, in an appropriate case on probable cause grounds. *Id.* at 192.

probability or substantial chance of criminal activity, not an actual showing of such activity." *U.S. v. Miknevich*, 638 F.3d 178, 185 (3d Cir. 2011) (internal quotation marks omitted). Worded differently, "[p]robable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002). A police officer may be liable for an arrest if no reasonable competent officer would conclude that probable cause exists. *Paszkowski*, 2014 U.S. App. LEXIS 17767 at *7 (citations omitted). Importantly, the validity of an arrest is determined by the law of the state where the arrest occurred. *Bergdoll v. City of York*, 515 Fed. Appx. 165, 169 (3d Cir. 2013).

Here, I note that there is no dispute that Plaintiff was briefly detained at the police station after he voluntarily surrendered, pursuant to an arrest warrant for failure to appear at the municipal court to answer his traffic summonses. Rather than basing his claims on the arrest warrant, Plaintiff's claims stem from the allegation that Officer Provenzano lacked probable cause to issue the summonses in the first place. In other words, it is Plaintiff's position that had Officer Provenzano not issued the summonses, the resulting warrant would not have been executed.

9

However, based on these facts, Plaintiff's claims of false arrest and imprisonment cannot stand.

For one, Plaintiff was properly detained and processed pursuant to an arrest warrant because he did not appear in municipal court; this was the basis for the arrest. The distinction is important: Plaintiff was not arrested pursuant to the traffic summonses.[3] In that regard, there was nothing unconstitutional when Officer Muscente processed and detained Plaintiff pursuant a warrant issued by a municipal court judge.

---

[3]    Plaintiff further argues that the warrant for failure to appear was not properly executed because he did not have notice of the summonses. In that regard, Plaintiff points to New Jersey Court Rule 7:2-2 which states that if a defendant does not appear in municipal court to answer a summons that was served by mail, the first appearance must be rescheduled and the complaint and summons to be served again by the municipal court. *See* N.J. Ct. R. 7:2-4(b)(1). Plaintiff insists that the procedures set forth by these court rules were not followed, and therefore, Officer Provenzano is liable for false arrest and imprisonment. I do not agree. The arrest warrant was issued by a municipal judge. *See* N.J. Ct. R. 7:2-2(b). And, Plaintiff was arrested based on that warrant. In that regard, the judge's decision – regardless whether it is sound -- to issue such a warrant clearly cannot be the basis for asserting liability against Officer Provenzano. Indeed, the error, if any, in issuing the warrant relates to the decision of the municipal judge, not Officer Provenzano. Furthermore, even if the municipal judge committed an error in issuing the arrest warrant, the judge may enjoy judicial immunity on any potential constitutional violations. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Figueroa v. Blackburn*, 208 F.3d 435 (3d Cir. 2000)(finding that New Jersey municipal court judges are afforded absolute immunity for their judicial acts). Thus, Plaintiff's factual allegation that the arrest warrant was defective cannot be the basis for his claims of false arrest and imprisonment against Officer Provenzano.

*See Fiore v. City of Bethlehem*, 510 Fed. Appx. 215, 220 (3d Cir. 2013) ("[T]he fact that a [judge] has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner . . . ."). Thus, there are no facts showing that Plaintiff's arrest and detention resulted from a lack of probable cause.[4]

To the extent that Plaintiff's § 1983 claims, here, can be predicated upon the lack of probable cause for the issuance of the summonses by Officer Provenzano in the first instance, Plaintiff's claims also fail. Officer Provenzano issued three separate summonses to Plaintiff for the alleged hit-and-run incident, which included (1) N.J.S.A. 39:4-97 (careless driving); (2) N.J.S.A. 39:4-129 (leaving the scene of an accident); and (3) N.J.S.A. 39:4-130 (failure to report an accident).

In relevant part, N.J.S.A. 39:4-129 provides:

(a) The driver of any vehicle which knowingly collides with or is knowingly involved in an accident with any vehicle or other property which is unattended resulting

---

[4]    Plaintiff's claims of false arrest and imprisonment fail for another reason. There is no dispute that Plaintiff was processed by Officer Muscente at the police station when Plaintiff voluntarily surrendered, not Officer Provenzano. Thus, the conduct of detaining and arresting Plaintiff in connection with the arrest warrant was not on the part of Officer Provenzano. Indeed, Officer Muscente's conduct cannot be imputed to Officer Provenzano for the purposes of § 1983 liability. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1182 (10th Cir. 2002) ("Generally, state actors may only be held liable under § 1983 for their own acts. . ."); *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012)(finding that state actors are liable only for their own unconstitutional conduct).

in any damage to such vehicle or other property shall immediately stop and shall then and there locate and notify the operator or owner of such vehicle or other property of the name and address of the driver and owner of the vehicle striking the unattended vehicle or other property or, in the event an unattended vehicle is struck and the driver or owner thereof cannot be immediately located, shall attach securely in a conspicuous place in or on such vehicle a written notice giving the name and address of the driver and owner of the vehicle doing the striking or, in the event other property is struck and the owner thereof cannot be immediately located, shall notify the nearest office of the local police department or of the county police of the county or of the State Police and in addition shall notify the owner of the property as soon as the owner can be identified and located.

    * * *

(e) There shall be a permissive inference that the driver of any motor vehicle   involved in an accident resulting in injury or death to any person or damage in the amount of $ 250.00 or more to any vehicle or property has knowledge that he was involved in such accident.

For purposes of this section, it shall not be a defense that the operator of the motor vehicle was unaware of the existence or extent of personal injury or property damage caused by the accident as long as the operator was aware that he was involved in an accident.

**There shall be a permissive inference that the registered owner of the vehicle which was involved in an accident subject to the provisions of this section was the person involved in the accident** . . . .

Similarly, N.J.S.A. 39:4-130 provides in relevant parts:

The driver of a vehicle or street car involved in an accident resulting in injury to or death of any person, or damage to property of any one person in excess of $ 500.00 shall by the quickest means of communication give notice of such accident to the local police department or to the nearest office of the county police of the county or of the State Police, and in addition shall within 10 days after such accident forward a written

report of such accident to the commission on forms
furnished by it.

     * * *

In those cases where a driver knowingly violates the
provisions of this section by failing to make a written
report of an accident, there shall be a permissive
inference that the registered owner of the vehicle which
was involved in that accident was the person involved in
the accident . . . .

     * * *

**A written report of an accident shall not be required by
this section if a law enforcement officer submits a
written report of the accident to the commission
pursuant to [N.J.S.A.] 39:4-131.**[5]

Finally, N.J.S.A. 39:4-97 provides:

A person who drives a vehicle carelessly, or without due
caution and circumspection, in a manner so as to
endanger, or be likely to endanger, a person or property,
shall be guilty of careless driving.

In this case, Officer Provenzano testified that he had
"probable cause to believe that the owner of the vehicle was the
driver of the striking vehicle," based upon "[t]he information
that [he] got from the witness, [and] the vehicle information."
Def. Dep., T16:12-18.  Indeed, there is no dispute that the Ewing
Police Department received a call from a witness to the accident
who reported the license plate number of the fleeing white Ford
Explorer.  Officer Provenzano was dispatched to the scene of the
incident.  Upon his arrival, Officer Provenzano spoke to the

---

[5]    N.J.S.A. 39:4-131 governs police accident reports.

witness and confirmed the license plate number. *See Id.* at T14:6-13. Subsequently, the Officer asked the dispatcher to run the plate number and found that Plaintiff was the registered owner of the vehicle. *Id*. Based on that information, Officer Provenzano issued three summonses which, according to Defendants, were mailed to Plaintiff.

Plaintiff maintains that because Officer Provenzano did not know the identity of the driver of the Ford vehicle, he lacked probable cause to issue any of the summonses. Plaintiff's argument, distilled, is that 1) the witness at the scene of the accident did not provide Officer Provenzano with any information on who was driving the vehicle; and 2) the personal information gathered from the license plate number did not reveal the identity of the driver. Since Officer Provenzano had no evidence that Plaintiff was the driver at the time of the hit-and-run accident, Plaintiff contends that the Officer lacked probable cause to believe Plaintiff caused the accident. The Court disagrees.

Indeed, Defendants do not dispute that Officer Provenzano had no concrete evidence that Plaintiff was the driver who caused the accident. Clearly, from the witness statements, Officer Provenzano had no basis to determine that Plaintiff was driving the Ford vehicle at the night of the accident. However, Officer Provenzano properly relied on the statutory inference provided by the various New Jersey traffic statues, as set forth above, in

14

issuing the summonses to Plaintiff.  To begin, N.J.S.A. 39:4-130 governs the crime of failure to report an accident.  According to this provision, a driver is mandated to report "an accident resulting in injury to or death of any person in excess of $500.00 . . . within 10 days after such accident . . . ."  N.J.S.A. 39:4-130.  Furthermore, "where a driver knowingly violates the provisions of this section by failing to make a written report . . . there shall be a permissive inference that the registered owner of the vehicle which was involved in that accident was the person involved in the accident . . . ."  *Id.*  Plaintiff argues that no such inference should have applied in this case because Officer Provenzano did not wait 10 days for Plaintiff to submit a written report before issuing the summonses.  Moreover, Plaintiff argues that Officer Provenzano did not make the requisite determination that the accident caused damages in excess of $500.

I do not agree with Plaintiff's reading of the statute; it is both hypertechnical and inaccurate.  First, under N.J.S.A. 39:4-130, Officer Provenzano was not obligated to wait the ten day period before he could issue the summons to Plaintiff for failure to report an accident.  While a driver has ten days to report an accident, a written report is not required by this section "if a law enforcement officer submits a written report of the accident to the commission . . . . ."  *Id.*  There is no dispute that Officer Provenzano submitted a police report in accordance with N.J.S.A.

39:4-131, *see* Police Report dated August 14, 2010, and based on that fact, the waiting period was not necessary before Officer Provenzano issued the summons.

Furthermore, as to damages, Officer Provenzano testified in his deposition that he determined the damage to the vehicle was in excess of $500, and in that regard, the Officer submitted his police report as a reportable accident. *See* Provenzano Dep., T14-T15; T25:16-21. However, Plaintiff argues that in assessing probable cause, Officer Provenzano was required to obtain an estimate of the damages. This is not accurate. As I have stated earlier, "[p]robable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *Myers*, 308 F.3d at 255. Under the circumstances here, it would severely undermine Officer Provenzano's ability to administer justice if the statute impose such a requirement in finding probable cause. Indeed, I do not find such a requirement suggested by Plaintiff consistent with the probable cause inquiry. Rather, there are sufficient indications at the scene of the accident to support a finding that the damages were in excess of $500. Tellingly, the insurance company estimated the cost of repairs to be well over one thousand dollars, albeit after the accident. Other than his say-so, Plaintiff has not presented any

16

evidence to support his contention that Officer Provenzano could have not determined that the damages were over the statutory requirement.[6]   Accordingly, I find that Officer Provenzano had probable cause to issue a summons for failure to report an accident pursuant to N.J.S.A. 39:4-130.

For the same reasons, I find that Officer Provenzano had probable cause to issue a summons under N.J.S.A. 39:4-129. Pursuant to this statute, a driver is required to stop at the scene of an accident if he was knowingly involved in that accident. *See* N.J.S.A. 39:4-129.   There is "a permissive inference that the registered owner of the vehicle which was involved in an accident subject to the provisions of this section was the person involved in the accident . . . ." *See* N.J.S.A. 39:4-129.   Therefore, for the same reasons as set forth above, I find that Officer

---

[6]   Plaintiff points to Officer Provenzano's deposition wherein the Officer testified that he did not observe any broken glass or plastic and that he did not make a determination as to the exact amount of the damages to the vehicle. *See* Provenzano Dep., T25:22-T28:5.   Based on those statements, Plaintiff argues that Officer Provenzano's assessment of the damages was inadequate and therefore, no probable cause existed.   I reject this argument. While there was no broken glass or plastic, the damages could still be significant, particular since the cost of the repairs in this case amounted to more than $1000.   Moreover, as I have determined, Plaintiff was not required, for the purposes of finding probable cause, to ascertain the exact amount of damages.   So long as Officer Provenzano had sufficient cause to believe that the amount of damages was in excess of $500 – which I have found that he did -- probable cause was obtained.   In this case, I find Officer Provenzano's probable cause determination reasonable.

Provenzano, under this statutory inference, had the requisite probable cause to believe that Plaintiff was the driver of the Ford vehicle, and therefore, it was not an error to issue the summons.[7]

Finally, I further find that Officer Provenzano had probable cause to issue Plaintiff summons under N.J.S.A. 39:4-97 for careless driving.  Plaintiff repeats his argument that because Officer Provenzano did not have any evidence as to the identity of the driver, the Officer did not have probable cause to issue a summons against Plaintiff for careless driving.  First and foremost, Officer Provenzano relied on the witness' statement that a Ford vehicle hit a car while backing out of a parking spot; the Officer also observed damage to the victim's vehicle, *see* Provenzano Dep., T26:12-14.  The witness' statement and the physical damage were sufficient support in finding probable cause for careless driving.  I stress that a finding a probable cause does not mean, as suggested by Plaintiff, that the driver committed a particular crime, but rather, an officer has a reasonable belief

---

[7]    Plaintiff cites the New Jersey appellate court decision in *State v. Walten*, 241 N.J. Super. 529 (App. Div. 1990), for the proposition that the threshold element to an offense for the crime of fleeing the scene of an accident is knowledge.  *Id.*  Plaintiff argues that because Plaintiff was not the driver of the Ford vehicle, he did not have the requisite knowledge under this statute.  This argument is misplaced.  *Walten* dealt only with issue of the government's burden of proof at trial.  The decision does not address the statute's permissive inference in the context of finding probable cause for issuance of a summons.

that a crime has been committed.  While the careless driving statute does not provide a similar permissive inference, I find that it was appropriate for Officer Provenzano to have issued the summons for careless driving against Plaintiff in connection with the other two summonses.  Even if Officer Provenzano could not have relied on the permissive inference of the other two statutes in issuing the careless driving summons, a court appearance by Plaintiff would still have been necessary based on the other summonses.

Having found that Officer Provenzano had the requisite probable cause to issue summonses to Plaintiff under N.J.S.A. 39:4-129, N.J.S.A. 39:4-130 and N.J.S.A. 39:4-97, Plaintiff's claims for false arrest and imprisonment for failure to appear on these summonses cannot withstand summary judgment.

## III. Count Two – State Law Claim of False Arrest and Imprisonment

Correspondingly, Count Two fails for the same reasons as Plaintiff's § 1983 claim for false arrest and imprisonment; that is 1) Plaintiff was arrested pursuant to an arrest warrant for failure to appear in municipal court; 2) Officer Provenzano was not the arresting officer who detained Plaintiff at the time Plaintiff surrendered himself at the Ewing Police Department; and more importantly, 3) Officer Provenzano had probable cause in issuing the three traffic-related summonses.  Indeed, for Plaintiff to prevail on New Jersey's common law claims of false

arrest and imprisonment, there must be a lack of probable cause for the arrest and detention. *See Wildoner v. Borough of Ramsey*, 162 N.J. 375, 377 (2000). Because I find, among other reasons, that Officer Provenzano had an adequate basis to find probable cause, and that the arrest warrant issued based on Plaintiff's failure to appear on the summonses, Plaintiff's common law claims of false arrest and imprisonment are dismissed.

## IV. Count Three – § 1983 Claim against Ewing Township and Police Department

In Count Three, Plaintiff asserts a § 1983 claim of failure to train, investigate and supervise claim against both the Township and the Police Department. I need not exhaustively analyze this claim for the simple reason that because I have dismissed the underlying constitutional claim against Officer Provenzano, Plaintiff's *Monell* claims here against the Township and the Police Department must be dismissed.

At the outset, I note that the Ewing Police Department cannot be liable under *Monell*. It is well-settled that a police department is not a "person" amenable to suit under § 1983 pursuant to *Monell*. *PBA Local No. 38 v. Woodbridge Police Dept.*, 832 F. Supp. 808, 826 (D.N.J. 1993); *Ayala v. Randolph Township*, No. 12-7809, 2014 U.S. Dist. LEXIS 154213, at *18-19 (D.N.J. Oct. 30, 2014). The Third Circuit has recognized that a municipal police department is "merely an administrative arm of the local

20

municipality, and is not a separate judicial entity." *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (quoting *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001)); *see also* N.J.S.A. 40A:14-118 (providing that New Jersey police departments are "an executive and enforcement function of municipal government."). Accordingly, Plaintiff's §1983 claim against the Police Department is dismissed.

Briefly, under § 1983, municipal defendants cannot be held liable under a theory of *respondeat superior*; municipal liability only arises when a constitutional deprivation results from an official custom or policy. *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 691-94 (1978). That being said, however, if a municipal employee "inflicted no constitutional injury ..., it is inconceivable that [the municipality] could be liable." *Mulholland v. Gov't County of Berks*, 706 F.3d 227, 244 n. 24 (3d Cir. 2013) (quoting *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Baez v. Lancaster County*, 487 Fed. Appx. 30, 32 (3d Cir. 2012)("Plaintiff must establish an underlying constitutional violation to attribute liability to the County pursuant to *Monell* . . . ") In other words, since there was no violation committed by Officer Provenzano in the first place, there can be no claims against the municipality for deprivation. Accordingly, Count Three is dismissed.

**V.    Count Four – State Law Claim of Negligent Hiring, Training, Supervision against Ewing Township and Police Department**

In order to succeed on a claim of negligent hiring or negligent supervision, "Plaintiff must prove: (1) the employer knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonable have foreseen that such qualities created a risk of harm to other persons, and (2) the employer's negligence in hiring [or supervision] the employee resulted in the dangerous attribute proximately causing plaintiff's injury." *Di Cosala v. Kay*, 91 N.J. 159, 173-74 (1982); *Smith v. Harrah's Casino Resort of Atlantic City*, No. A-0855-12T2, 2013 N.J. Super. Unpub. LEXIS 2928, at *7 (App. Div. Dec. 13, 2013).

Here, Plaintiff argues that because Officer Provenzano's illegal conduct of issuing the summonses, the Township is liable for the failure to train or supervise the Officer. However, as I have found, *supra*, Plaintiff cannot prove that Officer Provenzano was unfit or incompetent for issuing the summonses since he had probable cause to do so. It follows that because Plaintiff cannot prove the first element of the claim, Plaintiff's state law claim of negligent hiring or supervision cannot survive summary judgment.

22

## VI.  Count Five – State Law Claim of Malicious Prosecution and Abuse of Process against Officer Provenzano

In Count Five of his Complaint, Plaintiff asserts a claim for malicious prosecution and abuse of process against Officer Provenzano.  According to Plaintiff, Officer Provenzano maliciously, without any legal justification or probable cause, charged Plaintiff with three traffic-related offenses.  Again, Plaintiff's claim in this context has no merit since the Court has found that Officer Provenzano had probable cause to issue the summonses.

In order to establish a claim for malicious prosecution under state law, a plaintiff must satisfy the following elements:

1) a criminal action was instituted by this defendant against this plaintiff;
2) the action was motivated by malice;
3) there was an absence of probable cause to prosecute; and
4) the action was terminated favorably to the plaintiff.

*Lind v. Schmid*, 67 N.J. 255, 262 (1975).  Indeed, existence of probable cause is an express element of the claim for malicious prosecution.  *See Brunson v. Affinity Federal Credit Union*, 199 N.J. 381, 394 (2009) ("[t]he plaintiff must establish a negative, namely, that probable cause did not exist" in order to sustain a claim for malicious prosecution (quotations and citations omitted)).  Here, because Officer Provenzano had probable cause to issue the summonses, Plaintiff's claim for malicious prosecution fails, and therefore, it is dismissed.

23

In distinguishing between malicious prosecution and malicious abuse of process, the Appellate Division in *Tedards v. Auty*, 232 N.J. Super. 541, 549 (App. Div. 1998), recognized that the two torts require the plaintiff to prove different elements. "[P]rocess has not been abused unless after its issuance the defendant reveals an ulterior purpose he had in securing it by committing 'further acts' whereby he demonstrably uses the process as a means to coerce or oppress the plaintiff." *Id.* at 550. Stated differently, abuse of process "lies not for commencing an improper action, but for misusing or misapplying process after it is used." *Hoffman v. Asseenontv.com, Inc.*, 404 N.J. Super. 415, 431 (App. Div. 2009). Indeed, to prevail in an abuse of process claim, plaintiff must show that the defendant committed a further wrongful act beyond merely filing an unmeritorious complaint. *See Baglini v. Lauletta*, 338 N.J. Super. 282, 294 (App. Div. 2001). Here, tellingly, Plaintiff did not oppose summary judgment on the claim for abuse of process. Indeed, there is no allegation whatsoever, let alone evidence, in the record that Officer Provenzano took any improper, illegal or abusive actions after process was issued. In fact, there is no evidence that the Officer took any steps after process was issued. Thus, this claim is dismissed.

**VII. Count Six – Negligent/Intentional Infliction of Emotional Distress against Officer Provenzano**

Having determined that Officer Provenzano did not violate any constitutional rights of Plaintiff, Plaintiff has not established any conduct on the part of the Officer that would rise to level intentional or negligent infliction of emotional distress.  In order for a plaintiff to succeed on a negligent or intentional infliction of emotional distress, he must prove that the defendant either committed an outrageous intentional act, *see Buckley v. Trenton Saving Fund Soc.*, 111 N.J. 355, 366 (1988), or negligent conduct that is the proximate cause of emotional distress, *see Decker v. Princeton Packet, Inc.*, 116 N.J. 418, 429-30 (1989). Here, because Plaintiff cannot show that Officer Provenzano committed any act -- negligent or intentional -- that was wrongful, *see, supra*, Count Six must be dismissed.

Accordingly, for the reasons set forth above, the Court **GRANTS** summary judgment in favor of Defendants.  All claims in the Complaint are dismissed.

DATE:  December 10, 2014            /s/      Freda L. Wolfson
                                   Freda L. Wolfson
                                   United State District Judge